```
                                                              *FILED
         UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              JACKSONVILLE DIVISION              2012 APR 23 AM 7:48

                                                 CLERK, US DISTRICT COURT
                                                   MIDDLE DISTRICT OF FL
UNITED STATES OF AMERICA                         JACKSONVILLE FLORIDA

vs.                                              CASE NO. 3:01-cr-108-J-20TEM

CHARLES EDWARD COLEMAN
_____/
```

# ORDER

This cause is before this Court on Defendant's "Motion For Reduction of Sentence Pursuant to Title 18 USC § 3582" (Dkt. 637).

Pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated an emergency, temporary sentencing guideline amendment lowering the base offense levels for cocaine base (crack cocaine) offenses for eligible defendants sentenced on or after November 1, 2010. A permanent amendment was subsequently promulgated, Amendment 750. That permanent amendment, which became effective November 1, 2011, assigns the same quantities of crack cocaine to the same base offense levels as did the emergency, temporary amendment. On June 30, 2011, the Sentencing Commission decided that the reduced base offense levels assigned to the quantities of crack cocaine, listed in the Drug Quantity Table at U.S.S.G. § 201.1 (c), should be applied retroactively to defendants sentenced before November 1, 2010.

Accordingly, this Court issued an Order (Dkt. 638) directing the United States Probation Office to prepare a supplement report addressing whether Defendant was eligible for a reduction in his sentence pursuant to the provisions of the Amendment 750 and U.S.S.G. § 1B1.10. The parties reviewed that report and filed responses thereto (Dkts. 647, 650).

After reviewing the supplemental report and the submissions of the parties, this Court determines Defendant was improperly sentenced to a term of imprisonment which is below the mandatory minimum term required by statute. Therefore, a reduction in Defendant's sentence is not authorized. Furthermore, even if Defendant were entitled to further reduction of his sentence, this Court would not reduce the current sentence of 210 months.

Accordingly, it is **ORDERED**:

Defendant's "Motion For Reduction of Sentence Pursuant to Title 18 USC § 3582" (Dkt. 637) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20 day of April, 2012.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Rosemary Cakmis, Esq.
Patricia D. Barksdale, Esq.
U.S. Probation Office